# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL N. BEATON, | No. CIV S-09-2213-JAM-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA DEP'T OF MOTOR VEHICLES. | |
| Defendant. | |
| _____ / | |

     Plaintiff, who is proceeding pro se, brings this civil action challenging the denial of a drivers license. Pending before the court is plaintiff's complaint (Doc. 1).

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

In this case, plaintiff challenges the denial of a drivers license. Specifically, he alleges among other things that defendant's employees lied and committed fraud in the context of a drivers test and that ultimately he failed the test as a result of the lies and fraud. While he does not specifically state what relief he requests, he mentions a "Writ of Mandate." Thus, it appears that plaintiff is seeking an order directing defendant to issue him a state drivers license.

To the extent plaintiff seeks a writ of mandamus directing action by a state agency, this court cannot grant such relief. Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions. . ." In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty. . ." 28 U.S.C. § 1361 (emphasis added). It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991).

Further, this court lacks subject matter jurisdiction to consider any form of relief. Plaintiff does not allege the deprivation of any right guaranteed by the United States Constitution or federal statute such that the court's federal question jurisdiction can be invoked. Nor does plaintiff allege that this action involves a dispute between citizens of different states such that the court's diversity jurisdiction can be invoked. While plaintiff mentions that he is bringing this action under the Sixth Amendment, which relates to specific procedural protections in the context of criminal prosecutions, his complaint does not involve a criminal case.

Based on the foregoing, the undersigned recommends that this action be dismissed without prejudice to seeking relief as appropriate in the state courts.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 19, 2009

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE